IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JACK E. EASTERDAY,<br><br>    Defendant.                                 / | No. CR 05-00150 CRB<br><br>**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL OR ALTERNATIVELY FOR A NEW TRIAL** |

      A jury convicted defendant of 107 out of 109 counts of willfully failing to collect, truthfully account for and pay over payroll taxes. Now pending before the Court is defendant's motion for judgment of acquittal or for a new trial. After carefully considering the parties' papers, and the evidence submitted at trial, the motion is DENIED.

## BACKGROUND

      On February 9, 2006 a jury convicted defendant of violating 26 U.S.C. section 7202 by failing to pay to the United States payroll taxes withheld from his employees. As defendant did not contest that he owed and failed to pay the taxes, a key issue in the case was willfulness. At the request of the defense, the district court to whom this case was previously assigned instructed the jury on the issue of willfulness as follows:

> The word "willfully" means a voluntary, intentional violation of a known legal duty. In other words, the defendant must have acted voluntarily and intentionally, not through ignorance, mistake, or accident and with the specific intent to do something he knew the law prohibited; that is to say, with the intent either to disobey or disregard the law.

> In the context of this case, in order for the government to establish willfulness beyond a reasonable doubt, it must prove that on the date the taxes were due, the taxpayer possessed sufficient funds to be able to meet his legal obligations to the government, or that the lack of sufficient funds on such date was created by or was the result of a voluntary and intentional act, and the taxpayer vountarily and intentionally, without justification in light of all the financial circumstances of the taxpayer, did not pay such taxes.

The latter paragraph was derived, almost verbatim, from United States v. Poll, 521 F.2d 329, 333 (9th Cir. 1975).

The Poll instruction confused the jury. During deliberations the jury's first note explained that the jury was unclear as to what is meant by: "without justification in light of all the financial circumstances of the taxpayer, did not pay such taxes." In response, the district court instructed the jury as follows:

> Evidence that the defendant caused the corporation to pay other expenses may be evidence that the defendant's failure to assure that the corporation paid its taxes was willful. Evidence that the defendant caused the corporation to pay other expenses in a particular quarter knowing that the taxes had not been paid in previous quarters, and that funds would not be available to pay the taxes in the current quarter, may be evidence that the defendant's failure to assure that the corporation paid its taxes was willful.

Defendant objected to this instruction and moved for a mistrial on the ground that it eliminated his "ability to pay" defense, that is, his Poll defense.

The jury sent another note that suggested it was considering whether an installment plan to pay back taxes negated an inference of willfulness. Defendant then requested that the district court give the jury a good faith instruction, an instruction the court had previously refused to give. The court again refused. The jury subsequently convicted defendant.

Defendant moved for a new trial on the ground, among others, that the district court's supplemental instruction during deliberations unfairly eliminated defendant's ability to pay defense, a defense which was proper under the Poll instruction initially given by the court. The district court agreed and ordered a new trial. The case was subsequently transferred to this Court for trial.

On retrial, the Court refused to give defendant's requested Poll instruction on the ground that it did not adequately reflect the law or the evidence in the record. The Court did, however, instruct the jury on good faith over the government's objection. In particular, the

2

1  Court instructed the jury that the government had the burden of proving that defendant did
2  not have a good faith belief that he was complying with the tax laws, and that defendant's
3  belief could be in good faith even if it was unreasonable.

## DISCUSSION

Defendant's primary argument is that the Court erred in refusing to give the jury the Poll instruction. The Court did not do so because Poll, which was decided in 1975, no longer accurately reflects the law.

Poll involved charges similar to this case and was tried to the district court on stipulated facts. The court refused to consider evidence that the defendant's corporation "lacked the liquid resources to pay the full amounts due and that he intended to make up the deficiencies later." Id. at 331. The Ninth Circuit held that such evidence was relevant to "willfulness" and that to prove willfulness the government "must establish beyond a reasonable doubt that at the time payment was due the taxpayer possessed sufficient funds to enable him to meet his obligation or that lack of sufficient funds on such date was created by (or was the result of) a voluntary and intentional act without justification in view of all the financial circumstances of the taxpayer." Id. at 333. The court's holding was based on its belief that willfulness requires an evil motive or improper purpose. Id. at 331-33; see also Sorenson v. United States, 521 F.2d 325, 328 n.3 (9th Cir. 1975) (noting that "[t]he Poll holding is applicable to the criminal test of willfulness which requires 'some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer.'"); United States v. Brennick, 908 F.Supp. 1004, 1016 (D. Mass. 1995) (citation omitted) (explaining that Poll held that evidence of defendant's financial condition is relevant to "evil motive" or "improper purpose").

The following year, however, the Supreme Court ruled that "willfulness" in the context of the tax laws "simply means a voluntary, intentional violation of a known legal duty;" there is no requirement the government prove evil motive or improper purpose and want of justification. United States v. Pomponio, 429 U.S. 10, 12 (1976); see also United States v. Powell, 955 F.2d 1206, 1210 (9th Cir. 1992) ("'Willfulness' in the context of

3

criminal tax cases is defined as a 'voluntary, intentional violation of a known legal duty' . . . . [It] need not include bad faith or bad purpose.") (citation omitted). Thus, the basis for Poll's creation of an additional element was effectively overruled by Pomponio.

Fifteen years later the Supreme Court expounded further on the definition of willfulness. In Cheek v. United States, 498 U.S. 192 (1991), the Supreme Court held that under the tax laws, unlike other laws, to prove willfulness the government has the burden of negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any provision of the tax laws. Id. at 201-02. "This is so because one cannot be aware that the law imposes a duty upon him and yet be ignorant of it, misunderstand the law, or believe that the duty does not exist. In the end, the issue is whether, based on all the evidence, the Government has proved that the defendant was aware of the duty at issue, which cannot be true if the jury credits a good-faith misunderstanding and belief submission, whether or not the claimed belief or misunderstanding is objectively reasonable." Id. at 202.

Accordingly, in this case the government did not have the burden of proving that defendant had the "ability to pay"–whatever that may mean; instead, the government had the burden of proving that defendant knew he was violating the tax laws by not paying over the payroll taxes, even if defendant believed that he did not have the ability to pay, or believed that the only way he could pay was to not pay his nursing homes' operating expenses. This burden is greater than that imposed by Poll because even if the government proves that defendant had the ability to pay, it must still prove that defendant did not believe that he did not have the ability to pay and therefore was not in violation of the tax laws, or that he did not otherwise believe that his conduct was lawful. Moreover, the defendant's belief can be unreasonable and still negate the element of willfulness.

Thus, all the evidence admitted in the first trial was admissible in the second because it was relevant to defendant's good faith belief that he was not violating a known legal duty. And defendant was free to argue that he did not believe he was violating the tax laws because to pay the amounts owed he would have to close his nursing homes or at least not make full

4

payroll. The verdict, however, demonstrates that the jury found beyond a reasonable doubt that defendant did not hold such belief. What defendant is arguing, in essence, is that even though the jury found that he did not believe that his financial condition excused his compliance with the tax laws, the Court should have instructed the jury that his financial condition could somehow excuse his compliance. Such a result does not comport with common sense.

Defendant's contention that the Court directed a verdict by instructing the jury that "[t]he tax laws do not permit an employer to choose to use the monies held in trust for the United States, for other purposes, such as to pay other business expenses" therefore fails. First, defendant does not cite any cases that suggest that this instruction is legally incorrect. As the government argued at trial, the tax laws do not allow a business to use payroll taxes held in trust for the United States as a personal bank account. See United States v. Gilbert, 266 F.3d 1180, 1185 (9th Cir. 2001) ("We agree with the Government that Gilbert's act of paying wages to his employees, instead of remitting withholding taxes to the IRS, shows that he voluntarily and intentionally violated § 7202."). Second, the instruction did not direct a verdict because the government still had to prove beyond a reasonable doubt that defendant did not believe that he could use the monies held in trust to pay other expenses, at least in his particular circumstances.

## CONCLUSION

For the reasons stated above, and the reasons stated orally during these proceedings, defendant's motion for judgment of acquittal or alternatively a new trial is DENIED. The Court will not further address the evidentiary issues raised by defendant.

**IT IS SO ORDERED.**

Dated: July 12, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2005\0150cr\orderrenewtrial.wpd    5

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

G:\CRBALL\2005\0150cr\orderrenewtrial.wpd     6